UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marie Bush, *et al.*,

           Plaintiffs,    Case No. 25-cv-13171

v.                              Judith E. Levy
                                 United States District Judge

Andy Brewer, *et al.*,

                               Mag. Judge Elizabeth A. Stafford

           Defendants.

_____/

**ORDER DISMISSING CASE FOR
LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs Marie Bush, Monet Daniels, and Clarence Daniels initiated this action on October 7, 2025. On October 8, 2025, they filed an amended complaint. (ECF No. 3.) On October 14, 2025, the Court issued an order for Plaintiffs to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 5.) The order noted that "Plaintiffs allege that the Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)." (ECF No. 5, PageID.28 (citing ECF No. 3, PageID.12).) The order stated that the allegations in the complaint do not establish that the complete-diversity requirement

for diversity jurisdiction is met. (*Id.* at PageID.30.) The order specified that the deadline for Plaintiffs to respond was October 28, 2025. (*Id.* at PageID.33.)

The response deadline has elapsed, and the Court has not received any communication from Plaintiffs. Plaintiffs have not filed a written response to the Court's show cause order or asked for more time to respond. As a result, Plaintiffs do not that demonstrate that the parties are completely diverse. Thus, Plaintiffs do not show that the Court (1) has diversity jurisdiction and (2) should not dismiss the case for lack of subject matter jurisdiction.

Under Federal Rule of Civil Procedure Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The "objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see also Prime Rate Premium Finance Corp., Inc. v. Larson*, 930 F.3d 759, 764–65 (6th Cir. 2019); *Beanstalk Innovation, Inc. v. SRG Tech., LLC*, 823 F. App'x 404, 408 (6th Cir.

2020). In the Sixth Circuit, "a dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for preclusive purposes." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004). Instead, when a dismissal is "jurisdictional in nature," it is "without prejudice." *Id.* at 523.

As set forth in the Court's order to show cause entered on October 14, 2025, Plaintiffs' allegations are insufficient to show subject matter jurisdiction under diversity jurisdiction.[1] (ECF No. 5.) Accordingly, the case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction under Rule 12(h)(3).

IT IS SO ORDERED.

Dated: November 21, 2025  　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2025.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager

---

[1] Plaintiffs do not allege in the amended complaint that federal question jurisdiction exists.